816 P.2d 260

**The STATE of Arizona, Appellant,**

v.

**John MOJARRO, Appellee.**

**Nos. 2 CA–CR 90–0775, 2 CA–CR 90–0823.**

Court of Appeals of Arizona, Division 2, Department B.

April 16, 1991.

Review Denied Sept. 24, 1991.

Stephen D. Neely, Pima County Atty. by Thomas J. Zawada, Tucson, for appellant.

Jim D. Himelic, P.C. by Jim D. Himelic, Tucson, for appellee.

## OPINION

FERNANDEZ, Chief Judge.

The state appeals from the trial court's granting of appellee's motion to dismiss two counts of hindering prosecution based on double jeopardy. We affirm.

During the course of a homicide investigation, Tucson police officers learned that appellee had pertinent information. Appellee was ordered to provide deposition testimony on April 11, 1990, and he refused. He was also ordered to testify on June 18, and, after he refused again, the trial court found him in criminal contempt of court pursuant to Rule 33.1, Ariz.R.Crim.P., 17 A.R.S., and sentenced him to a six-month jail term. The state then charged appellee with two counts of hindering prosecution in the first degree. No question is raised that the indictment and the contempt conviction were both based on appellee's refusal to testify on April 11 and June 18, 1990. Both counts were dismissed, although on different dates, on the ground that the subsequent prosecutions violated his right against double jeopardy. The state appealed from both dismissals, and the appeals have been consolidated.

The Fifth Amendment to the United States Constitution protects against a second prosecution for the same offense after acquittal or conviction as well as "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665 (1969). With regard to the multiple punishment aspect of the double jeopardy clause, the Supreme Court has held that "the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole." *United States v. Halper,*

490 U.S. 435, 451, 109 S.Ct. 1892, 1903, 104 L.Ed.2d 487, 504 (1989). The Court focused on whether or not the civil penalty in that case, a fine for the submission of false Medicare claims, was remedial or punitive. *See also Mullet v. Miller*, 168 Ariz. 594, 816 P.2d 251 (App.1991) (criminal prosecution following imposition of administrative fine may violate double jeopardy clause when fine is not rationally related to making the state agency whole). With regard to successive prosecutions, the Supreme Court, in *Grady v. Corbin*, 495 U.S. 508, 521, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548, 564 (1990), held that the clause "bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted."

 The state focuses most of its argument on the premise that a criminal contempt citation is not a prosecution for purposes of the double jeopardy clause and relies on cases that pre-date *Grady* and *Halper*. It is undisputed that the hindering prosecution charges were based upon the same conduct that resulted in the criminal contempt finding and the subsequent jail term. That the jail term was intended to serve as a punishment is irrefutable. Indeed, as the following comment to Rule 33.1 notes, criminal contempt is distinguishable from civil contempt on that basis:

> A person is imprisoned for civil contempt to force compliance with a lawful order of the court; he holds the keys to the jail and can gain release at any time by complying with the order. See *Shillitani v. United States*, 86 S.Ct. 1531 [sic], 384 U.S. 364, 16 L.Ed.2d 622 (1966). A criminal contempt citation, on the other hand, is intended to vindicate the dignity of the court. It is a criminal offense for which a specific punishment is meted out, over which the defendant has no control. See *United States v. Barnett*, 84 S.Ct. 984 [sic], 376 U.S. 681, 12 L.Ed.2d 23 (1964)....

Even though some contempt citations may be truly civil in nature even under *Halper*, in this case, appellee was cited under Rule 33 and punished for his conduct with a pre-determined jail term rather than being ordered held until he chose to testify. *See Ong Hing v. Thurston*, 101 Ariz. 92, 416 P.2d 416 (1966) (distinction between criminal and civil contempt addressed; criminal contempt obstructs the administration of justice).

As we noted in *Mullet*, "the double jeopardy clause clearly prohibits a second proceeding to punish for the same conduct." 168 Ariz. at 595, 816 P.2d at 252. Because the prosecution here would have resulted in punishment for the same conduct for which appellee had already been punished, we need not decide whether the trial court's finding that appellee was in contempt was a prosecution for purposes of the double jeopardy clause.

The trial court's orders granting appellee's motions to dismiss are affirmed.

HOWARD, P.J., and HATHAWAY, J., concur.